# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

ALBERT-ANN BENJAMIN
RONNIE FORD
YOSHICA SMALLS
TERESA CASTELLI
TERESA AARON
CAMELIA AARONS
MODUPE ABDUL
ABIGAIL PEARSON
FENISE ABRAHAM
JOHANNE ABRAHAM
ZULY ABRAHAM
JINSELLY ABREU ROSA
YERIKA ABREU
MELISSA ABSALON
MAHA ABULABAN
ILEEN ABUNDIZ SALINAS
MIGUELINA ACEVEDO
ANARFI ACHEAMPONG
BAFFOUR ACHEAMPONG
SASHA ACOSTA
ELIZABETH ADAMES
DEION ADAMS
HELENE ADAMS
TAWANA ADAMS
REBECCA ADANE
CURTIS ADDAH
ADEKEMI ADEBAYO
KEHINDE ADEBO
MARTINS ADEGOR
ALABA ADELAJA
KAYODE ADENIYI
ADEOLA ADENUGA
NANCY ADOLPHE
DASHANA ADONIS
SAKYIWA ADZENYAH
KEHINDE AGOHA
CINDY AGUILAR
PRISCILLA AGWU
TENISHA AHYEE-DORMAN
ADESUWA AIDEYAN
HELEN AIKHOJE
RACHEL AIRALL
SAALIHAH AKBAR-THOMAS

| | |
|---|---|
| JACINTA AKERS<br>SOFIA AKHTAR<br>ANTHONY AKINDURO<br>ABASS AKINWALE<br>AKINTUNJI AKINYEMI<br>PATIENCE AKPOFURE<br>ANNE ALABRE<br><br>    Plaintiffs<br><br>    v.<br><br>CITY OF NEW YORK<br><br>    Defendant | Case No._____ |

## COMPLAINT

Plaintiffs, by and through their counsel, the law firms of McGillivary Steele Elkin LLP and Spivak Lipton LLP, pursue this complaint against the City of New York ("Defendant" or "the City"), and state as follows:

## INTRODUCTION

1. Plaintiffs are current and former employees of the Defendant, City of New York, employed in the position of Child Protective Specialist (CPS) and/or Child Protective Specialist Supervisor (CPSS) in the City's Administration for Children's Services (ACS). Plaintiffs bring this action against Defendant for back pay, liquidated damages, attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's failure to pay Plaintiffs overtime compensation to which Plaintiffs are entitled under the FLSA. Plaintiffs are similarly situated to each other because, while employed

at ACS in the position of CPS and/or CPSS, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work outside of their paid shifts and during their unpaid meal periods. Plaintiffs are also similarly situated to each other because, while employed at ACS, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based and fails to pay overtime compensation in a timely manner.

## PARTIES

3. All Plaintiffs identified in the caption gave their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A. These written consent forms set forth each Plaintiff's name and address.

4. Each of the Plaintiffs in this action while employed by Defendant has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

8. Plaintiffs are, and/or at all times material herein have been, employed by Defendant in the position of CPS and/or CPSS,

9. Plaintiff Albert-Ann Benjamin is employed by the City as a CPS at 1274 Bedford Avenue in Brooklyn, New York. Plaintiff Ronnie Ford is employed by the City as a CPS at 1274 Bedford Avenue in Brooklyn, New York. Plaintiff Yoshica Smalls is employed by the City as a CPSS at 492 First Avenue in Manhattan, New York. Plaintiff Teresa Castelli is a CPSS at 350 St. Marks Place in Staten Island, New York. These Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated CPS and CPSS who work or have worked for Defendant at all times material herein.

10. Within the last three years and continuing to date, while working in the CPS positions, the job duties of Plaintiff Benjamin and Plaintiff Ford, and all others similarly situated, have included but are not limited to carrying out investigations and conducting casework necessary to assess child safety. With the assistance of CPSS I and II, CPS conduct interviews, gather and assess facts, and make determinations of whether credible evidence exists of child abuse and maltreatment. Once assigned a case, a CPS worker has a 24-hour deadline within which to attempt to initiate contact with the complainant; this deadline is set by the state social service law. CPS conduct safety assessments, court ordered investigations, and court-supervised removal of at-risk children from unsafe living environments. The work is extensive, critical to the health and safety of children, time-consuming, and deadline-driven.

11. Within the last three years and continuing to date, while working in the CPSS position, the job duties of Plaintiffs Smalls and Castelli, and all others similarly situated, have included, in addition to their regular duties, overseeing a "unit" or "team" comprised of five CPS

workers. CPSS's primary goal is to provide guidance and oversight to CPS and provide input and assistance to their team on the work described in Paragraph 10. CPSS work to ensure that all mandatory deadlines are met, and assist CPS in gathering information and taking actions necessary to meet those deadlines. Like the CPS on their team, the work of CPSS is voluminous and deadline-driven.

12.     While working as CPS and/or CPSS, Plaintiffs and all others similarly situated regularly work 40 hours a week. Plaintiffs are regularly scheduled to work five days a week, for seven hours each day plus a one-hour, uncompensated lunch break. However, Plaintiffs also regularly work at least five hours of preapproved, compensated overtime each week, for a total of 40 or more hours per week of compensated work time.

13.     In addition to their scheduled shifts and their preapproved, compensated overtime, Plaintiffs routinely work additional hours such that they work over 40 hours in a workweek, but Defendant fails to compensate Plaintiffs and all others similarly situated for all of these hours over 40 per week at a rate of one and one-half times their regular rate of pay. Specifically, Defendant fails to compensate Plaintiffs and all others similarly situated for hours worked outside of their scheduled shifts and outside of preapproved overtime, and for work performed during their unpaid, 60-minute meal periods.

14.     Additionally, when Plaintiffs perform preapproved overtime for which Defendant does compensate them, Defendant nevertheless systematically fails to pay them for this overtime work at the correct regular rate of pay or in a timely fashion, regularly paying them weeks late after the overtime has been worked.

15.     Defendant captures the work hours of Plaintiffs, including time spent working outside of their scheduled shifts, on Defendant's timekeeping system, "CityTime," which is

5

maintained and accessible at Plaintiffs' work locations. Time that is recorded but worked outside Plaintiffs' scheduled shifts is categorized as "uncompensated time" in the CityTime system, and Plaintiffs are not paid for that time even though, as explained below, Defendant has suffered or permitted them to perform uncompensated overtime work during that time. In addition, CityTime automatically deducts one hour each day for Plaintiffs' uncompensated meal periods, regardless of whether or not Plaintiffs work through all or part of their uncompensated meal period. Defendant also categorizes this hour as "uncompensated."

### *Defendant's Fair Labor Standards Act Violations Are Willful*

16.  CityTime tracks Plaintiffs' work time on a minute-by-minute basis. However, Defendant does not pay Plaintiffs on a minute-by-minute basis. This is because when the Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out).

17.  Defendant is well aware that its "pay-to-schedule" system may fail to capture Plaintiffs' actual working hours and instead register FLSA-compensable time as "uncompensated" time. For example, in *Foster v. City of New York,* the trial court granted summary judgment for a collective of plaintiffs, on FLSA claims — identical to the claims brought in this matter — that the City had failed to compensate them for time worked outside of their scheduled shifts and during meal times, where that time was in part recorded as "uncompensated" in CityTime. 14 Civ. 4142 (PGG), 2017 WL 11591568, at *4, *23-25 (S.D.N.Y. Sept. 30, 2017).  The *Foster* case involved some of the very same CPS and CPSS who are in this case and who are subject to the same policies

6

as described herein including the same CityTime system. The *Foster* matter was resolved on December 20, 2021.[1]

18.     Another group of CPS and CPSS — some of whom are Plaintiffs in this matter — brought claims identical to those described below in a follow-up case to *Foster* titled *Williams v. City of New York*. The *Williams* matter was resolved October 31, 2022.[2]

19.     Upon information and belief, Defendant has failed to conduct an audit or otherwise investigate any of the Plaintiffs' work minutes captured by CityTime as "uncompensated" time, including but not limited to what Plaintiffs are actually doing during their recorded, "uncompensated" out-of-shift and meal period times.

20.     Upon information and belief, since the 2017 summary judgment decision in *Foster*, and since the resolution of *Foster* and *Williams*, the City has failed to take any steps to bring ACS's pay policies and practices into compliance with the FLSA.

21.     Defendant is also ware of its obligation to pay employees for overtime work that is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time has not preapproved by Plaintiffs' superiors. *See, e.g.*, *Foster*, 2017 WL 11591568 at *22-25 (granting summary judgment for CPS and CPSS workers on FLSA claims that they worked uncompensated overtime of which their managers were aware, despite failure to seek preapproval or otherwise request compensation in CityTime) (recovery period ending December 20, 2021); *Perez v. City of New York*, 12 Civ. 4914 (PAE), 2017 WL 43261052017, at *12-13 (S.D.N.Y. Sept. 27, 2017) (rejecting City's argument that it was entitled to summary

---

[1] Plaintiffs who previously litigated their claims in *Foster* have a recovery period start date in this matter of December 21, 2021.

[2] Plaintiff who previously litigated FLSA claims in *Williams* have a recovery period start date in this matter of November 1, 2022.

judgment on hours plaintiffs "did not properly report" in CityTime system, where "ample record evidence" demonstrated that the City nevertheless knew or had reason to know plaintiffs were working unreported overtime hours).

22. The former New York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer is aware. *Perry v. City of New York,* Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 281 (Trial Tr. Oct. 16, 2019) at 969 ("[I]t would be . . . the supervisor's responsibility to ensure that the employees get paid for work about which the employer is aware; correct?" "Correct."). *See also Foster*, 2017 WL 11591568 at *9 ("[T]he City's chief employment lawyer . . . concedes that where a manager observes an employee working [outside of their shift], the manager has an obligation to make sure that employee is compensated for that time, even if the employee did not obtain pre-approval[.]") (citations omitted).

23. Upon information and belief, Plaintiffs' managers are aware of when Plaintiffs are working, and the nature and timing of the work, even if it happens outside of the Plaintiffs' scheduled shifts, or during a meal period due to: certain of the software programs that Plaintiffs must use to perform their job duties; managers share physical office space with Plaintiffs; and other factors inherent in the job duties and work environment of Plaintiffs and their managers, such as time stamps on emails.

24. Upon information and belief, Defendant has not disciplined any ACS employee for performing unpaid work outside of their scheduled shifts or for working without pay during their meal periods.

25. Nevertheless, at all times relevant — and even after the liability decisions involving the *Foster* Plaintiffs in the title of CPS and CPSS — Defendant has failed, and continues to fail,

to compensate Plaintiffs and those similarly situated for overtime work that they perform with their managers' knowledge, and which is recorded in the CityTime system as "uncompensated time." Defendant has also failed, and continues to fail, to compensate Plaintiffs and those similarly situated for work Plaintiffs perform with their managers' knowledge during their auto-deducted meal period, unless such overtime had been formally pre-approved.

26. Upon information and belief, Defendant has failed to seek advice from the United States Department of Labor regarding whether its pay policies and practices comply with the FLSA.

27. Plaintiffs' timekeeping and payroll data is in Defendant's exclusive possession and is not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not readily available to Plaintiffs because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and require[] a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC*,* Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

### *Uncompensated Work Performed by Plaintiffs and All Others Similarly Situated*

28. While working in CPS and/or CPSS positions, Plaintiffs and all others similarly situated routinely work over 40 hours in a week. Plaintiffs are scheduled for five shifts of eight hours in length each week, with one hour automatically deducted from each shift as an uncompensated meal period. However, because Plaintiffs regularly work at least five hours of preapproved, compensated overtime each week, Plaintiffs and all others similarly situated regularly perform a minimum of 40 hours of work per workweek.

29. In addition to their 40 hours of regularly scheduled shifts and compensated overtime, Plaintiffs and all others similarly situated frequently work additional hours in which they

perform their regular job duties, but do not receive compensation. Specifically, Plaintiffs routinely work additional hours outside of their regularly scheduled shifts and during their unpaid meal periods, all without compensation.

30. Plaintiffs and all others similarly situated regularly perform work outside of their scheduled shifts. Such work includes, but is not limited to, the tasks listed in Paragraphs 10 and 11.

31. Defendant has a policy that states that "each employee is responsible for devoting his or her time at work to official business. After recording their presence at work the employee shall not leave the premise except for official business, approved leave, or lunch break." As such, per Defendant's policy, all time that Plaintiffs spend on Agency premises is work time, including time recorded by the City in the CityTIme system as "non-compensable" or "uncompensated" time, and time spent performing work at their work location during the uncompensated meal period.

32. Plaintiffs and all others similarly situated work during some or all of their 60-minute unpaid meal periods performing their regular job duties (those listed in Paragraphs 10 and 28) but are not compensated for this work time.

33. Plaintiff Albert-Ann Benjamin routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her work time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 11 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Benjamin routinely works through her uncompensated meal periods approximately three to four times per week. Specifically, for example, during the week of July 10-16, 2022, Plaintiff Benjamin worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours

of paid time, she worked approximately one hour of unpaid overtime outside of her scheduled shift, and through three to four unpaid meal periods. Plaintiff Benjamin therefore spent approximately four to five hours of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 11 but was not compensated for that time.

34. Plaintiff Ronnie Ford routinely works over 40 hours in a workweek. When he does so, the City fails to compensate him for all of his time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 11 outside of his scheduled shift and during his 60-minute unpaid meal period. Plaintiff Ford routinely works through his uncompensated meal periods approximately four to five times per week. Specifically, for example, during the week of April 30-May 6, 2023, Plaintiff Ford worked at least 40 hours across his scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours of paid time, he worked approximately two hours and 45 minutes of unpaid overtime outside of his scheduled shift, and through four to five unpaid meal periods. Plaintiff Benjamin therefore spent approximately six hours and 45 minutes to seven hours and 45 minutes of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 11 but was not compensated for that time.

35. Plaintiff Yoshica Smalls routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 11 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Smalls routinely works through her uncompensated meal periods approximately four times per week. Specifically, for example, during the week of January 29-February 4, 2023, Plaintiff Smalls worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to 40 hours of paid time, she worked approximately one hour and 15 minutes of unpaid overtime outside of her scheduled shift, and

through four unpaid meal periods. Plaintiff Smalls, therefore, spent approximately five hours and 15 minutes hours of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 11 but was not compensated for that time.

36. Plaintiff Teresa Castelli routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 11 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Castelli routinely works through her uncompensated meal periods approximately two to three times per week. Specifically, for example, during the week of March 19-25, 2023, Plaintiff Castelli worked at least 40 hours including her scheduled shift and preapproved, compensated overtime. In addition, she worked approximately 3 hours of unpaid overtime outside of her scheduled shift, and through two to three unpaid meal periods. Plaintiff Castelli, therefore, spent approximately five to six hours of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 11 but was not compensated for that time.

37. All CPS/CPSS employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 because Defendant fails to compensate CPS for work that is recorded in CityTime but not preapproved outside of their scheduled shifts and meal period work. In addition to the examples set forth in Paragraphs 32-36, the amount of overtime work hours for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other work and pay records.

### *The Rate at Which Overtime is Paid*

38. Plaintiffs and all others similarly situated routinely work at least two hours of continuous overtime in the evenings beyond their regular shift times, which causes them to work overtime after 6 pm. For example, during the week of July 10-16, 2022, Plaintiff Benjamin spent one evening working at least five hours and 15 minutes of continuous overtime, and two evenings working at least six hours of continuous overtime. Similarly, during the week of April 16-22, 2023, Plaintiff Ford spent one evening working at least two hours and 30 minutes of continuous overtime and one evening working at least three hours of continuous overtime.

39. When Plaintiffs and all others similarly situated work in the evenings beyond their regular shift times, they receive a meal allowance if they work at least two hours of continuous overtime. Plaintiffs are taxed on the meal allowance as income. Defendant, through its payroll system, deducts taxes from this payment. Additionally, the meal allowance is paid regardless of whether Plaintiffs purchase food with it; it is not a reimbursement for actual expenses. Defendant does not require Plaintiffs to submit receipts in order to receive their meal allowance.

40. Additionally, Plaintiffs and all others similarly situated earn night shift differential pay of 10% of their hourly rate of pay in addition to their regular hourly rate of pay if they work between the hours of 6 pm and 8 am. However, in calculating overtime payments for Plaintiffs in weeks in which Plaintiffs worked in excess of 40 hours and receive a meal allowance and/or night shift differential, Defendant fails to include the meal allowance and/or the night shift differential in the regular rate of pay at which overtime is paid to the Plaintiffs.

41. In *Foster v. City of New York*, 14 Civ. 4142 (PGG), 2017 WL 11591568, at *32-35 (S.D.N.Y. Sept. 30, 2017), the Court found that undisputed evidence demonstrated that the City

failed to include meal allowances and night shift differentials in CPS and CPSS employees' regular rates of pay in violation of the FLSA.

42. The Plaintiffs and all other similarly situated are subject to the same policies and practices at issue in *Foster*. Given these policies and practices, for example, Plaintiff Benjamin's and Plaintiff Ford's overtime rates did not include the meal allowance and/or night shift differential they had been paid when they worked the overtime described above in Paragraph 38.

### *Late Payment of Overtime Worked*

43. When the City does compensate Plaintiffs for hours worked over 40 in a workweek, the City regularly delays the payment of overtime beyond the next pay period for which the Plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours.

44. Plaintiffs have been paid for preapproved overtime more than 35 days after the overtime was worked on multiple occasions during the last three years, despite Plaintiffs' complaints to the Defendant. Specifically, Plaintiff Benjamin worked preapproved overtime on at least four days during the week of March 13-19, 2022, but was not paid for this overtime work until approximately April 2023. Similarly, Plaintiff Smalls worked preapproved overtime on multiple dates during the first two weeks of January 2023, but was not paid for this overtime work until approximately April 2023.

45. The delay in payment is done either because of managerial delays in acquiring the required approvals to pay Plaintiffs for their overtime, or for other reasons that are unrelated to the City's ability to determine the amount of overtime compensation that is owed to the Plaintiffs. Defendant has violated the basic principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek, with such delay not being reasonably necessary to

compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

46. Plaintiffs hereby incorporate by reference Paragraphs 1 through 37 in their entirety and restate them herein.

47. At all times material herein, during those workweeks in which Plaintiffs, and all others similarly situated, have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to when they are performing tasks enumerated in Paragraphs 10 and 11, outside of their scheduled shifts and without compensation, all of which is recorded on Defendant's timekeeping system CityTime. Plaintiffs, and all others similarly situated, also have performed work, including but not limited to the tasks enumerated in Paragraphs 10 and 11, during their unpaid meal periods. This work outside of Plaintiffs' shifts and during their meal periods has caused Plaintiffs to work in excess of 40 hours in a given week. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

48. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and all others similarly situated for work that they have

15

been suffered or permitted to work outside of their official shifts, and during their uncompensated meal periods.

49. As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA.

50. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

52. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY FOR PLAINTIFFS IN VIOLATION OF SECTION 7 OF THE FLSA

53. Plaintiffs hereby incorporate by reference Paragraphs 1 through 42 in their entirety and restate them herein.

54. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be

included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain types of additional compensation, such as a meal allowance and night shift differential, in Plaintiffs' regular rates of pay for purposes of computing overtime pay entitlements of Plaintiffs and of all others similarly situated, resulting in Defendant paying Plaintiffs for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to include all applicable forms of compensation in Plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

55. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

57. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS AFTER THE OVERTIME WAS WORKED

58. Plaintiffs hereby incorporate by reference Paragraphs 1-37 and 43-45 in their entirety and restate them herein.

59. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying for weeks, Plaintiffs' overtime payments for working in excess of 40 hours a week, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments, management withholding such payments until the next budgetary quarter, or some other reason unrelated to Defendant's ability to calculate the amount owed to Plaintiffs.

60. As this court recently recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, "[w]hile 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to delay paying its employees,' several courts have held that 'two weeks is an unreasonably amount of time for an employer to delay a paycheck [under the FLSA].'" No. 7:17-cv-07804 (NSR), 2022 WL 195514, at *4 (S.D.N.Y. Jan. 21, 2022) (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018)). Here, Defendant's failure to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

61. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

62. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

63. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court:

(a) Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b) Award Plaintiffs and those similarly situated monetary damages in the form of back pay for their unpaid compensation;

(b)  Award Plaintiffs and those similarly situated monetary liquidated damages equal to their unpaid compensation;

(c)  Award Plaintiffs and those similarly situated interest on their unpaid compensation;

(d)  Award Plaintiffs and those similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e)  Grant such other relief as may be just and proper.

Date: June 27, 2023    Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary *(pro hac vice motion forthcoming)*
Diana J. Nobile *(pro hac vice motion forthcoming)*
Sarah M. Block
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855

*/s/ Hope Pordy*
Hope Pordy
Elizabeth Sprotzer
Eliza Schultz
SPIVAK LIPTON, LLP
1040 Avenue of the Americas
20th Floor
New York, NY  10018
Phone: (212) 765-2100

*Counsel for Plaintiffs*