UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALBERT-ANN BENJAMIN, individually and on behalf of
all other persons similarly situated,

                                          Plaintiffs,

                   -against-

CITY OF NEW YORK,

                                         Defendant.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**
No. 23 Civ 5458 (JMF)

       Defendant City of New York ("City"), by and through its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, as and for its answer to the First Amended Complaint ("FAC") herein, filed on April 9, 2021, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

       2.     Denies the allegations set forth in paragraph "2" of the Complaint.

       3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

       4.     The allegations set forth in paragraph "4" of the Complaint purport to set forth conclusions of law, for which no response is required.  To the extent an answer is required, Defendant denies the allegations set forth in this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

       5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admit that the City is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York.

6.      Denies the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to set the venue of this case as set forth therein.

8.      Defendant can neither admit nor deny the allegations set forth in paragraph "8" of the Complaint until more identifying information is provided.

9.      Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff Albert-Ann Benjamin is employed by the City as a CPS at 1274 Bedford Avenue in Brooklyn, New York, Plaintiff Ronnie Ford is employed by the City as a CPS at 1274 Bedford Avenue in Brooklyn, New York, Plaintiff Yoshica Smalls is employed by the City as a CPSS at 492 First Avenue in Manhattan, New York, Plaintiff Teresa Castelli is a CPSS at 350 St. Marks Place in Staten Island, New York., and that plaintiffs purport to proceed as set forth therein.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiffs named herein have been employed by the City of New York in the titles of CPS or CPSS, and respectfully refers the Court to the respective job duties and responsibilities of a CPS and CPSS for a complete and accurate statement of their contents.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiffs named herein have been employed by the City of New York in the titles of CPS or CPSS, and respectfully refers the Court to the respective job duties and responsibilities of a CPS and CPSS for a complete and accurate statement of their contents.

12.     Denies the allegations set forth in paragraph "12" of the Complaint.

13.     Denies the allegations set forth in paragraph "13" of the Complaint.

14.     Denies the allegations set forth in paragraph "14" of the Complaint.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, except admit that the City used CityTime as its timekeeping system.

16.     Denies the allegations set forth in paragraph "16" of the Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admit that some plaintiffs were plaintiffs in the *Williams* case.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     The allegations set forth in paragraph "21" of the Complaint purport to set forth conclusions of law, for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph and respectfully refers the Court to the Fair Labor Standards Act, 29 U.S.C. § 216 ("FLSA"), for a complete and accurate statement of its contents.

22.     Defendant denies the allegations set forth in paragraph "22" and respectfully refers the cases cited for a complete and accurate statement of their contents.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except admit that no ACS employee has faced disciplined pursuant to Civil Service Law § 75 for performing unpaid work outside of their scheduled shifts or for working without pay during their meal periods.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.      Denies the allegations set forth in paragraph "38" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

39.      Denies the allegations set forth in paragraph "39" of the Complaint.

40.      Denies the allegations set forth in paragraph "40" of the Complaint.

41.      The allegations set forth in paragraph "41" of the Complaint purport to set forth conclusions of law, for which no response is required. To the extent an answer is required, Defendant denies the allegations set forth in this paragraph and respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

42.      Denies the allegations set forth in paragraph "42" of the Complaint.

43.      Denies the allegations set forth in paragraph "43" of the Complaint.

44.      Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to Plaintiff's payroll and timekeeping data for a complete and accurate statement of the time worked by Plaintiff that was reported to the City and of the compensation received by Plaintiff.

45.      Denies the allegations set forth in paragraph "45" of the Complaint.

46.      In response to the allegations of paragraph "46" of the Complaint, Defendant repeats and realleges each and every response set forth in paragraph "1" through "45" as set forth above.

47.      Denies the allegations set forth in paragraph "47" of the Complaint.

48.      Denies the allegations set forth in paragraph "48" of the Complaint.

49.      Denies the allegations set forth in paragraph "49" of the Complaint.

50.     The allegations set forth in paragraph "50" of the Complaint purport to set forth conclusions of law, for which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     In response to the allegations of paragraph "53" of the Complaint, Defendant repeats and realleges each and every response set forth in paragraph "1" through "52" as set forth above.

54.     The allegations set forth in paragraph "54" of the Complaint purport to set forth conclusions of law, for which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     In response to the allegations of paragraph "58" of the Complaint, Defendant repeats and realleges each and every response set forth in paragraph "1" through "57" as set forth above.

59.     The allegations set forth in paragraph "59" of the Complaint purport to set forth conclusions of law, for which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

60.     The allegations set forth in paragraph "60" of the Complaint purport to set forth conclusions of law, for which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph and respectfully refers the Court to the cited statute and cases for a complete and accurate statement of their contents.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

## AS AND FOR A FIRST DEFENSE

64.     The Complaint fails to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

## AS AND FOR A SECOND DEFENSE

65.     The Complaint is barred, in whole or in part, by the applicable limitations periods.

## AS AND FOR A THIRD DEFENSE

66.     Plaintiff may be estopped from asserting some or all of the claims asserted in the Complaint because Defendant's actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## AS AND FOR A FORTH DEFENSE

67.     At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

## AS AND FOR A FIFTH DEFENSE

68.     Plaintiff, and those similarly situated to Plaintiff, and/or any opt in Plaintiffs, are exempt from the provisions of the FLSA.

## AS AND FOR AN SIXTH DEFENSE

69.     Defendant has not violated any rights, privileges or immunities of Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

### AS AND FOR A SEVENTH DEFENSE

70.     At all times, and in all manners, Defendant acted in accordance with any and all duties and obligations that it may have had under the FLSA.

### AS AND FOR AN EIGHTH DEFENSE

71.     Defendant has at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA.

### AS AND FOR A NINETH DEFENSE

72.     Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A TENTH DEFENSE

73.     Plaintiff is barred from recovery of some or all of the damages sought because they are not authorized by the FLSA.

### AS AND FOR AN ELEVENTH DEFENSE

74.     This case may not be maintained as a collective action because the named Plaintiff is not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

### AS AND FOR A TWELFTH DEFENSE

75.     If at any time relevant to the Complaint, Plaintiff was covered by the overtime provisions of the FLSA, Plaintiff was properly paid overtime compensation in accordance with all applicable provisions of the FLSA.

### AS AND FOR A THIRTEENTH DEFENSE

76.     Defendant has no overtime liability under the FLSA because it is entitled to credits for contractual premium payments under the governing collective bargaining agreement.

## AS AND FOR A FOURTEEN DEFENSE

77.     Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

## AS AND FOR A FIFTEENTH DEFENSE

78.     Plaintiff's claims are barred, in whole or part, by the FLSA, the Constitution of the United States and/or the Constitution of the State of New York.

## AS AND FOR A SIXTEENTH DEFENSE

79.     Plaintiff's claims are barred, in whole or in part, by prior waiver and release.

## AS AND FOR A SEVENTEENTH DEFENSE

80.     Defendant has not violated the FLSA as to the DSS compensatory time practices because the compensatory time used or sought to be used was for non-FLSA overtime.

**WHEREFORE,** Defendant respectfully requests that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:      New York, New York
            September 11, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-143
New York, New York 10007
Tel: (212) 356-1654

By:      _____/s/_____
         Kimberly R. Karseboom
         Assistant Corporation Counsel

- 9 -

No. 23 Civ 5458 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT-ANN BENJAMIN, individually and on behalf
of all other persons similarly situated,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

## ANSWER TO THE COMPLAINT

### *HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-143*
*New York, N.Y. 10007*
*Of Counsel: Kimberly R. Karseboom*
*Tel:  (212) 356-1654*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................................., 2023*

*................................................................., Esq.*

*Attorney for ....................................................................*